8 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stephen G. RAMBERG, Plaintiff-Appellant,
v.
CITY OF PORTLAND, a municipal corporation; Ray Hjelte;
Edward Wilson, individually and in their official
capacities, Defendants-Appellees.
 No. 92-35382.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 2, 1993.
Decided Oct. 7, 1993.
 
 Before: BROWNING, SCHROEDER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Stephen G. Ramberg appeals from the district court's entry of judgment in favor of defendants on his claims of wrongful discharge, retaliatory discharge and violation of 42 U.S.C. § 1983. Because we conclude the district court could have directed a verdict for defendants, we do not find it necessary to address each issue presented in this appeal. See Davis & Cox v. Summa Corp., 751 F.2d 1507, 1517 (9th Cir.1985).
 
 
 3
 Ramberg contends that his discharge occurred because he voiced his opposition to sex discrimination within the Portland Fire Bureau (Bureau) and associated with a female firefighter. Although Ramberg presented some evidence that might support a finding of discrimination or retaliation, the record is replete with evidence of Ramberg's performance problems.
 
 
 4
 These problems did not suddenly materialize during his association with the female firefighter but developed gradually over time. Prior to Ramberg's transfer to the truck phase of training where the alleged discrimination and retaliation occurred, Ramberg's supervisors graded his efforts as satisfactory while also noting concerns about his performance. Ramberg testified that he did not begin studying and associating with the female firefighter until after the first few weeks of truck training. Yet as early as one week into the truck training, Ramberg's supervisor, defendant Captain Edward Wilson, began documenting weaknesses in Ramberg's skills. As truck training progressed and the probationers neared their three months of hands-on experience, the magnitude of the problems and the concern about Ramberg's inconsistent performance increased substantially.
 
 
 5
 Ramberg does not dispute that he made each error attributed to him. Rather, he contests the significance or cause of the errors. Considering the importance of accuracy each and every time a firefighter is called into duty, we conclude that no reasonable jury could reach any conclusion but that the Bureau terminated Ramberg for his poor performance and not on account of discrimination or retaliation.
 
 
 6
 The district court's entry of judgment in favor of defendants is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3